FILED

IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEB 16 AM 9: 10

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Jason A. Gaza )
    Plaintiff )
) CIVIL ACTION
vs. ) FILE NO. 8:11CV316 26 TGW
)
Bell, LLC )
    Defendant )

## COMPLAINT

Plaintiff, Jason A. Gaza, brings this action against Defendant, Bell, LLC (hereinafter "Bell") on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of consumer debts. Plaintiff, an individual, institutes this action for actual damages, statutory damages, punitive damages against defendant, and the costs of this action Jointly and Severally against the defendant for multiple violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 et seq and the Florida Consumer Collection Practices Act, Florida Statute 559 (hereafter "FCCPA").

### II. PARTIES

1.    Plaintiff is a natural person, residing in Spring Hill, Pasco County, Florida.



1

2. Defendant Bell is a Florida Corporation engaged in the business of collecting debts in the state of Florida, with its principal place of business located at, 1411 N Westshore Boulevard Suite 100 Tampa, Florida 33607

3. Defendant Bell may be served upon its registered agent, CT Corporation System 1200 South Pine Island Road Plantation, Florida 33324.

4. Defendant Bell is engaged in the collection of debts from consumers using the mail and telephone.

5. Defendant Bell regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant Bell is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692 A(6) and the FCCPA Florida Statute 559.

7. The alleged debt the Defendants were attempting to collect upon was incurred for the personal, family, or household use of the Plaintiff.

### III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. § 1692k (d), 28 U.S.C. § 1331, 28 U.S.C. § 1367.

9. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### IV. STATUTORY STRUCTURE FDCPA

10. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692 a(3).

12. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692 a(5).

13. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692 a(6).

14. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692 d.

15. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e

16. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court; and costs of this action. 15 U.S.C § 1692k.

## V. STATUTORY STRUCTURE FCCPA

17. The FCCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices against consumers. Florida Statute 559

18. The Defendant is subject to the FCCPA.

19. The Defendant is a debt collector as defined by the FCCPA. Florida Statue 559.55(6)

20. The Plaintiff is a consumer as defined by the FCCPA. Florida Statute 559.55(2)

21. Under the FCCPA, a debt collector may not willfully engage in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Florida Statute 559.72(7).

22. Under the FCCPA, a violation of the FDCPA is a violation of the FCCPA. Florida Statute 559.552

23. Anyone who violates the FCCPA is subject to actual damages, punitive damages, statutory damages of up to $1,000, and the costs and attorney's fees for the action. FCCPA 559.77(2)

## VI. FACTUAL ALLEGATIONS

24. In December 2008 and January 2009, Plaintiff was seen by Dr. Shemesh at Mind, Body, Spirit Care for treatment of a chronic debilitating illness.

25. Plaintiff's insurance was billed for both of the office visits.

26. At some point after January 2009, two accounts were turned over to Bell for collection due to unknown underpayment by insurance.

27. The Plaintiff never received collection notices from Bell.

28. On or around October 5, 2010, Plaintiff received a message from Mary Susan Gaza that Bell had called and required a return call.

29. On October 6, 2010, Plaintiff called Bell and spoke to a then-unidentified female (Hereafter as "Agent").

30. Agent said she was collecting on a bill from Mind, Body, Spirit Care (Hereafter "MBSC") for seven thousand three hundred eighty seven dollars. ($7387.00)

31. Plaintiff explained to Agent that the charges seemed incorrect and too much for the services rendered.

32. Agent told Plaintiff that in order to dispute the validity of the debt she would need a valid mailing address.

33. Plaintiff gave Agent an address of 11628 Pilot Country Drive, Spring Hill, Florida 34610.

34. Agent said "yea your mom returns all the mail from that address".

35. Plaintiff tried several times to give Agent the valid mailing address of 11628 Pilot Country Drive, Spring Hill, Florida 34610, but Agent refused the address as being not valid.

36. Agent told Plaintiff to "work for a living" and that Plaintiff "had a lot more issues going on".

37. Agent told Plaintiff that 11628 Pilot Country Drive Spring Hill, Florida 34610 was "not valid".

38. Agent, at the end of the phone call, reiterated the debt in collection as seven thousand three hundred eighty seven dollars ($7387.00) and for a date of service of February 27, 2010.

39. To the Plaintiff's knowledge mail, has never been returned by Mary Susan Gaza or by anyone in the household for Plaintiff.

40. 11628 Pilot Country Drive, Spring Hill, Florida 34610 has been Plaintiff's permanent mailing address since 1998.

41. The name of the female unidentified agent was stated to be Mary Jenkins by another agent of Bell on a subsequent call.

42. Bell's actions of misrepresenting the amount and date of service of the alleged debt were not a bona fide error due to the fact that the Agent continued to quote seven thousand three hundred eighty seven ($7387.00) even after the amount was disputed over the phone.

43. Harassment or oppressing behavior cannot be a bona fide error.

44. As a result of Bell's actions, the Plaintiff experienced: loss of enjoyment from life, stress, anger, and loss of sleep which resulted in the Plaintiff's medical condition temporarily deteriorating.

## VII. FDCPA VIOLATIONS

45. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants violations of the FDCPA include, but are not limited to the following:

46. The actions of the Defendant violated the FDCPA.

47. By inflating the amount and giving an incorrect date of service of the alleged debt, Bell violated the FDCPA by making false or misleading representations. 15 U.S.C. § 1692e.

48. By telling the Plaintiff that in order for them to dispute the validity of the debt they had to give a valid mailing address when this is not true, (15 U.S.C. § 1692g) Bell violated FDCPA by making a false or misleading representation. 15 U.S.C. § 1692e.

49. By saying that Bell is receiving returned mail when no mail was returned, Bell violated the FDCPA by making a false or misleading representation. 15 U.S.C. § 1692e.

50. By refusing to accept the Plaintiff's mailing address; telling the Plaintiff to "work for a living"; telling the Plaintiff that they "had a lot more issues going on", saying that the Agent would notate that the Plaintiff refused a valid mailing

address when the Plaintiff did in fact provide a valid mailing address; and telling the Plaintiff that in order for them to dispute the validity of the debt, they would need a valid mailing address but not taking the address the Plaintiff offered; Bell violated the FDCPA by harassment and oppressing the Plaintiff's right to dispute the validity of the debt. 15 U.S.C. § 1692d

## VIII. FCCPA VIOLATIONS

51. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FCCPA include, but are not limited to the following:

52. The actions of the Defendant violated the FCCPA.

53. By not accepting the Plaintiff's address; saying the address was not valid; saying returned mail had been received when it had not; telling the Plaintiff to "work for a living"; and stating that the Plaintiff had "a lot more issues going on"; the Defendant violated the FCCPA Florida Statute 559.72(7) which prohibits persons subject to the act from engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

54. By violating the FDCPA by false or misleading representations, the Plaintiff violated Florida Statute 559.552 because any violation of the FDCPA is a violation of the FCCPA Florida Statute 559.

WHEREFOR, Plaintiff prays that judgment be entered against the Defendants' for the following:

(1) Actual damages, pursuant to FDCPA, 15 U.S.C. §1692k.;

(2) Statutory damages pursuant to FDCPA, 15 U.S.C. §1692k.;

(3) Reasonable attorneys' and court fees and costs, pursuant to FDCPA, 15 U.S.C. § 1692k.;

(4) Actual damages, pursuant to the FCCPA, Florida Statute 559.77(2);

(5) Statutory damages pursuant to the FCCPA, Florida Statute 559.77(2);

(6) Punitive damages pursuant to the FCCPA, Florida Statute 559.77(2);

(7) Costs and Attorney's fees pursuant to FCCPA, Florida Statute 559.77(2);

(8) Such other and further relief that the Court deems just and proper.

_____

Jason A. Gaza (Pro Se)
11628 Pilot Country Drive
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com